[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 3, 1988, the plaintiff made an offer to purchase the Meineke Muffler business in Middletown. The next day, the defendant Wells accepted the offer, subject to (1) acceptable review by purchaser's accountant; (2) assignment of existing lease; and, (3) subject to a formal purchase/sale agreement. The purchase price was $202,000 including a used car license. The assets were owned by J.P.W., Inc., not the defendant Wells. The defendant Wells was president of the corporation. The broker, Total Resource, had its own form of the offer for purchase and sale. The broker filled it out. The parties amended the purchase offer in writing on October 18, 1988.
The plaintiff paid the broker deposits totaling $10,000. The offer to purchase and sale, as amended, did not provide the forfeiture of the deposit, nor did provide for liquidated damages.
On October 20, 1988, the Parties signed an additional agreement on the Meineke Muffler shop form required by the franchiser in order to transfer the franchise. The Meineke form has two conditions; (1) the plaintiff successfully complete Meineke schooling; and, (2) Meineke approve the transfer of the franchise.
The defendant Well's attorney drafted the "formal purchase/sale" agreement but was unsigned. The seller was named J.P.W. Inc.
On December 15, 1988, the plaintiff's attorney wrote to the defendant Wells' attorney that the plaintiff is no longer desirous of purchasing the Meineke Muffler Shop. The reason for the plaintiff's inability to procure and utilize a used car license and dealership. CT Page 6379
The plaintiff sued Wells and Total Resources or a return of deposit.
The allegation was the defendant Wells made material misrepresentations. The offer of purchase and sale states a used car license was included in the assets to be sold. The landlord refused to assign the lease if the plaintiff would sell used cars on the premises. The defendant Wells told the plaintiff did not sell used cars. The court finds there were no misrepresentations.
The plaintiff, the plaintiff's attorney and the plaintiff's accountant knew that the assets were owned by the corporation and not the defendant Wells.
The Total Resource kept all of the deposits.
The plaintiff is entitled to return the deposit because there was no provisions of forfeiture or liquidated damages. In addition, the formal purchase and sale agreement was unsigned.
The plaintiff sued Total Resources. The plaintiff did not serve the copy of writ, summons and complaint on Total Resource. On June 12, 1990, the case was dismissed pursuant to Conn. Practice Book Sec. 251. Section 251 is entitled "Dismissal for Lack of Diligence."
The plaintiff should have pursued defendant Total Resource and not the defendant Wells.
The defendant entered a counterclaim. He alleged that the plaintiff breached the agreement without good reason and the defendant incurred expenses. The defendant claimed $38,437. In addition, assets were eventually sold at $175,000. The seller paid no commissions on the sale. The agreement between Wells and Total Resources, when the sale was completed, the seller was to pay 10% of the purchase price for commissions.
The defendant Wells had not spent any money. The corporation did. The corporation was not a party to this action.
Judgment for the defendant on the complaint and judgment for the plaintiff on the counterclaim.
EDELBERG, STATE TRIAL REFEREE CT Page 6380